**FILED**
CLERK, U.S. DISTRICT COURT

5/19/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____LM_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOEY RONNIE LIMON,<br><br>　　　　Defendant. | ED CR No.5:21-cr-00122 MCS<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. §§ 924(c)(1)(A)(i): Carrying Firearms During and in Relation to, and Possessing Firearms in Furtherance of, a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

　　On or about August 14, 2020, in Riverside County, within the Central District of California, defendant JOEY RONNIE LIMON knowingly and intentionally possessed with intent to distribute at least fifty

grams, that is, approximately 215.2 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about August 14, 2020, in Riverside County, within the Central District of California, defendant JOEY RONNIE LIMON knowingly carried firearms, namely, a Sig Sauer, Model SP2022, 9mm caliber pistol, bearing serial number 24B141581, and a Glock, Model 26, 9mm caliber pistol, bearing serial number BELB169, during and in relation to, and possessed those firearms in furtherance of, a drug trafficking crime, namely, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about August 14, 2020, in Riverside County, within the Central District of California, defendant JOEY RONNIE LIMON knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1. A Sig Sauer, Model SP2022, 9mm caliber pistol, bearing serial number 24B141581;

2. A Glock, Model 26, 9mm caliber pistol, bearing serial number BELB169;

3. One round of Federal 9mm caliber ammunition;

4. Twenty rounds of Tula 9mm caliber ammunition;

5. Twenty-four rounds of RUAG Ammotec 9mm caliber ammunition;

6. Forty rounds of Winchester 9mm caliber ammunition; and

7. One hundred rounds of Companhia Brasileira de Cartuchos 9mm caliber ammunition.

Defendant LIMON possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court of the State of California, County of Riverside, case number INF054128, on or about August 11, 2006;

2. Two counts of Identity Theft, in violation of California Penal Code Section 530.5(a), in the Superior Court of the State of California, County of Riverside, case number INF700456, on or about October 2, 2017;

4

  3. Passing a False Check, in violation of California Penal Code Section 476, in the Superior Court of the State of California, County of Riverside, case number INF700456, on or about October 2, 2017;

  4. Two counts of Possession of a False Warrant or County Order, in violation of California Penal Code Section 475(c), in the Superior Court of the State of California, County of Riverside, case number INF700456, on or about October 2, 2017;

  5. Two counts of Possession of a Blank Check with Intent to Defraud, in violation of California Penal Code Section 475(b), in the Superior Court of the State of California, County of Riverside, case number INF700456, on or about October 2, 2017;

  6. Vehicle Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Riverside, case number INF700457, on or about October 2, 2017; and

  7. Receiving Stolen Property, in violation of California Penal Code Section 496d(a), in the Superior Court of the State of California, County of Riverside, case number INF700457, on or about October 2, 2017.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), or (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in Counts Two or Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

///

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

TRACY L. WILKISON
Acting United States Attorney

*Scott M. Garringer*
*Deputy Chief, Criminal Division For:*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

JOHN A. BALLA
Assistant United States Attorney
Riverside Branch Office